UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: 3:12-458-CMC |
| | ) |
| -vs- | ) |
| | ) |
| ARTHUR STATE BANK and | ) |
| CHICAGO TITLE INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26.01 OF THE
FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW, William Degenhart, M.D., Plaintiff in the above-styled action, and, pursuant to Rule 26.01 of the Federal Rules of Civil Procedure, submits the following Initial Disclosures to the Defendants. The information contained herein and any documents identified, described, or produced are based only upon information presently available to Plaintiff and is given in a good faith effort to comply with Federal Rule 26.01. These Initial Disclosures are, therefore, made without prejudice to Plaintiff's right to produce, pursuant to the Federal Rules of Civil Procedure, any information which may subsequently be discovered or determined to be relevant to the subject matter of this action. These Initial Disclosures should not be construed as prejudicing or in any way limiting Plaintiff with respect to further discovery, research, analysis, or proof.

Each of the following Initial Disclosures is made subject to any and all objections, including, but not limited to, competency, materiality, relevancy, propriety, admissibility, or any

other grounds that would require their exclusion in any proceeding. Any and all such objections and grounds are expressly reserved and may be interposed at the time of trial. Plaintiff generally asserts the attorney-client privilege and the protection of the work product doctrine as to any and all relevant documents which may exist and which are subject to these privileges. To the extent any such Initial Disclosure contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privileges, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or privilege; nor is the relevancy of any such matter conceded.

Except for explicit facts stated herein, no incidental or implied admissions are intended. Plaintiff has submitted these Initial Disclosures solely pursuant to Federal Rule 26(a), and these Initial Disclosures are solely for the purpose of and in relation to this action.

Plaintiff makes these Initial Disclosures based upon information reasonably available to him at this time. Plaintiff reserves the right to supplement or modify these disclosures based on the continuing investigation of the case and as discovery continues.

(A)     State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

NONE

(B)      As to each claim, state whether it should be tried jury or nonjury and why.

         Not applicable.  There are no subrogation interests.

(C)      State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

         NO

(D)      State the basis for asserting the claim in the division in which it was filed (or the basis for any challenge to the appropriateness of the division).

         Many of the allegations complained of took place in this Court's jurisdiction.  Plaintiff is a resident of Chatham County, Georgia, so there is diversity of citizenship.  Therefore, venue is proper in this Court.

(E)      Is this action related in whole or in party to any other matter filed in this District, whether civil or criminal?  If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action.  Counsel should disclose any cases which may be related regardless of whether they

         are still pending.  Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on

    a determination of whether the cases: arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

    NO

(F) [Defendants only] If the defendant is improperly identified, give the prior identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

    N/A

(G) [Defendants only] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

    N/A

This  17   day of February, 2012.

              BY: s/R. Thayer Rivers, Jr.
                 R. Thayer Rivers, Jr.
                 Federal Bar No. 3487

Courthouse Square
Ridgeland, SC 29936
(843) 726-8136
(843) 726-4401 (Facsimile)